FILED
04/09/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 28, 2018 at Knoxville

**STATE OF TENNESSEE v. SHANE T. USREY**

**Appeal from the Criminal Court for White County
No. CR6493, CR7510, CR6120   Gary McKenzie, Judge**
_____

**No. M2017-01563-CCA-R3-CD**
_____

Shane T. Usrey, the Defendant, pled guilty to theft of property over the value of $500 in case numbers CR6120, CR6493, and CR7510. In 2017, the Defendant was arrested for violating the terms of his probation by committing domestic assault and aggravated assault. After a hearing, the trial court fully revoked the Defendant's probation in all three cases and imposed the original sentences. On appeal, the Defendant argues that: (1) the trial court should not have placed any probative value on the victim's testimony because she was intoxicated at the time of the offenses; and (2) the evidence was insufficient for the trial court to have found that the Defendant violated his probation. After a thorough review of the facts and applicable case law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

J. Patrick Hayes, Cookeville, Tennessee, for the appellant, Shane T. Usrey.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural History**

The Defendant pled guilty to theft of property over the value of $500 in case number CR6120 on June 27, 2013. The Defendant received a sentence of one year

suspended to supervised probation to be served consecutively to a prior violation of probation sentence. In case number CR6493, the Defendant pled guilty to theft of property over the value of $500 on January 9, 2014. His two-year sentence was suspended to supervised probation to be served consecutively to case numbers CR5938 and CR6120. In case number CR7510, the Defendant pled guilty on November 6, 2015, to theft of property over the value of $500 and received a sentence of three years. The trial court ordered the Defendant to serve three months in confinement and the remaining two years and nine months of the sentence was suspended to supervised probation to be served consecutively to a prior "TDOC" sentence.[1]

On March 2, 2017, Deputy James Reels of the White County Sheriff's Office ("WCSO") filed an incident report alleging that the Defendant committed domestic assault against his wife by slapping her and burning her with a lit cigarette. On March 20, Melanie Cowen filed a probation violation warrant which alleged that the Defendant violated the terms of his probation by failing to obey state laws and by engaging in assaultive behavior. On March 30, 2017, Sergeant Allen Hale arrested the Defendant on a violation of probation warrant. The probation violation warrant was later amended to include the allegation that, on March 10, 2017, the Defendant committed two counts of domestic assault and one count of aggravated assault.

At the probation violation hearing, Ms. Cowen testified that she worked at the Tennessee Board of Probation and Parole ("the Board") as the Defendant's probation officer. Ms. Cowen stated that the Defendant allegedly committed two counts of domestic assault on March 2, 2017. Ms. Cowen amended the affidavit to the probation violation warrant to cite the Defendant for committing two counts of domestic assault and one count of aggravated assault on March 10, 2017. She stated that she filed an "Affidavit Violation of Probation" on March 20, 2017, which alleged that the Defendant had committed new criminal offenses. On cross-examination, Ms. Cowen testified that the Defendant's probation began on November 6, 2015.[2] She noted that this was the first probation violation that had been filed against the Defendant.

Cara Usrey testified that she was the Defendant's wife and that, on March 2, 2017, she and the Defendant were at their residence, along with several of her family members. She and the Defendant had been drinking, and they began arguing. The Defendant slapped her. The Defendant also had a lit cigarette in his hand which burned her neck. After the assault, Mrs. Usrey's niece called the police, and the Defendant left the residence. The police responded and spoke with Mrs. Usrey and her family members.

---

[1] It is unclear what case this prior "TDOC" sentence was from.
[2] It appears that the Defendant's probation began on this date and that he was serving a sentence in the Department of Correction prior to his probation.

Shortly after the police left the residence, the Defendant returned. Mrs. Usrey shut the door to block the Defendant from entering, but the Defendant "kicked the bottom of the door in." The Defendant pushed Mrs. Usrey, and Mrs. Usrey's niece stepped in between them. The Defendant left the residence before the police responded for a second time. On March 10, 2017, the Defendant, Mrs. Usrey, and her three-year-old son went to the Highway 84 Market. While she was in the store, a store employee informed Mrs. Usrey that the Defendant had pushed Mrs. Usrey's son out the door. Mrs. Usrey stated that she did not see the Defendant's actions and that her son was not misbehaving. Mrs. Usrey, her son, and the Defendant returned to their residence, where the Defendant grabbed Mrs. Usrey's head, shook her, and "threw her around." Mrs. Usrey's neighbors called the police, but the Defendant left before they arrived. The police later located the Defendant.

On cross-examination, Mrs. Usrey testified that, while she and the Defendant had argued previously, neither had been arrested. She stated that, on March 2, she had been drinking prior to the altercation with the Defendant. She explained that she was "probably drunk" and that this could have interfered with her memory of the event. She also stated that, on March 10, both she and the Defendant had been drinking, but she was not drunk on that occasion.

James Reels testified that, at the time of these events, he worked as a deputy for the WCSO. On March 2, 2017, Deputy Reels responded to the Defendant's residence. He spoke with Mrs. Usrey and two other witnesses who reported that Mrs. Usrey had been slapped and burned by the Defendant. He observed redness on her chest and face and a mark that was consistent with a burn from a cigarette. Deputy Reels left but later returned to the residence. Deputy Reels and Officers Nick Dunn and Tony Copeland from the Sparta Police Department searched the area surrounding the residence for the Defendant, but they were unable to locate him. On cross-examination, Deputy Reels testified that he photographed Mrs. Usrey's injuries.

Sergeant Lenny Wheeler testified that, on March 10, 2017, he responded to the Defendant's and Mrs. Usrey's residence. When he arrived, Mrs. Usrey was standing outside of the residence, and her face and neck were red. She was crying and "very upset." She informed Sergeant Wheeler that the Defendant ran out the back door of the residence. Sergeant Wheeler located the Defendant and observed that he smelled of alcohol and was very upset. Sergeant Wheeler noted that there was a surveillance video that allegedly depicted the Defendant pushing Mrs. Usrey's son at the Highway 84 Market. However, he had not reviewed the video recording. He later learned that the Defendant was not allowed to contact Mrs. Usrey as a condition of his bond relating to the March 2 incidents.

On cross-examination, Sergeant Wheeler testified that Mrs. Usrey did not appear to be impaired when he spoke with her at the residence about the Defendant's assault. Mrs. Usrey informed Sergeant Wheeler that the Defendant grabbed her, hit her, and threw her on the ground. Sergeant Wheeler testified that her injuries on her neck and chin were consistent with Mrs. Usrey's account of the incident.

Connie Campbell testified on behalf of the Defendant that the Defendant had struggled with breathing problems since he was sixteen years old. She explained that the Defendant received breathing treatments and used breathing machines and inhalers. She stated that the Defendant had previously been diagnosed with asthma and COPD.

The trial court found that the Defendant violated his probation based on his conduct on March 2, 2017, and March 10, 2017, which led to his arrest for four counts of domestic assault and one count of aggravated assault. Regarding Mrs. Usrey's testimony, the trial court stated the following:

> She does admit to drinking that night, but on cross-exam[ination], all she says is maybe she got some things out of order. But there was no indication in cross[-examination], or anything[] . . . that what she had said was not true, or that the event didn't occur. And what she had said occurred on that incident is consistent with what [Deputy] Reels found when he interviewed other witnesses who saw the event, as well as looking at the red marks on [Mrs. Usrey's] face, and that, putting all of that together gave him the probable cause to arrest.

The trial court noted that Sergeant Wheeler's testimony that he observed red marks on Mrs. Usrey's face and neck also corroborated her account of the March 10, 2017 incident. The trial court found that the Defendant had violated the terms of his probation by a preponderance of the evidence. The trial court fully revoked the Defendant's supervised probation in case numbers CR6120, CR6493, and CR7510. The trial court ordered the Defendant to serve the original sentence imposed in these cases, with credit for time served.

The Defendant now timely appeals the trial court's decision to fully revoke his probation.

## II. Analysis

On appeal, the Defendant argues that: (1) the trial court should not have placed any probative value on the victim's testimony because she was intoxicated at the time of the offenses; and (2) the evidence was insufficient for the trial court to have found that

the Defendant violated his probation. The State asserts that, as the trier of fact, it was within the purview of the trial court to credit Mrs. Usrey's testimony. The State contends that the trial court properly exercised its discretion to find that the Defendant violated his probation and to fully revoke the Defendant's probation. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2017); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. *Id.* Proof of a violation does not need to be established beyond a reasonable doubt. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if a trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. Tenn. Code Ann. § 40-35-311(e) (2017).

Here, the trial court credited Mrs. Usrey's testimony that the Defendant assaulted her twice on March 2, 2017, and assaulted both her and her son on March 10, 2017. "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Deputy Reels and Sergeant Wheeler corroborated Mrs. Usrey's account with their testimony that they observed injuries on her person. We conclude that the testimony presented at the evidentiary hearing supported the trial court's finding by a preponderance of the evidence that the Defendant had violated the terms of his probation by failing to obey state laws and by engaging in assaultive behavior.

Once a trial court has determined that a violation of probation has occurred, the court has the discretionary authority to order the defendant to: (1) incarceration; (2) have the defendant serve the original sentence; (3) modify the conditions of the defendant's probation; or (4) extend the defendant's probation period for up to two additional years. *See* Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e) (2017); *State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The determination of the proper consequences of the probation violation embodies a separate exercise of discretion. *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

In the case sub judice, the Defendant had previously pled guilty to multiple charges of theft and was currently accused of committing several counts of domestic assault and aggravated assault against his family members. Because the trial court acted

under its discretionary authority, as authorized by statute, to order the Defendant to serve his original sentence in confinement, the trial court did not abuse its discretion. The Defendant is not entitled to relief on this ground.

### III. Conclusion

Based on the aforementioned reasons, we affirm the trial court's decision to fully revoke the Defendant's probation.

_____
ROBERT L. HOLLOWAY, JR., JUDGE